CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 7 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **HAASHIM PIERSON,** | ) | |
| **Petitioner,** | ) | Civil Action No. 7:06cv00366 |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **By: Samuel G. Wilson** |
| **Respondent.** | ) | **United States District Judge** |

Petitioner, Haashim Pierson, filed this 28 U.S.C. § 2255 motion challenging the validity of his plea and his sentence of 240 months incarceration followed by a term of five years supervised release, for conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1); possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and possessing a firearm after previously being convicted of a felony in violation of 18 U.S.C. § 922(g). Pierson claims that his guilty plea was not knowing and voluntarily and that counsel provided ineffective assistance. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Smith's claim that counsel was ineffective in failing to file an appeal upon request and therefore orders an evidentiary hearing on the issue.

### I.

On March 10, 2004, a grand jury returned a 3-count indictment against Pierson for conspiring to distribute and possessing with intent to distribute 50 grams or more of cocaine base; knowingly and intentionally carrying a firearm in relation to a drug trafficking crime; and unlawfully possessing a firearm as a convicted felon. A superceding indictment, naming other defendants and counts pertinent to them, was returned on June 23, 2004. Pursuant to a written plea agreement, Pierson pled guilty to all three counts charged, and waived his right to appeal any sentence within the advisory

guideline range of punishment, to collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel.

The court sentenced Pierson to a total of 240 months consisting of 180 months on count one and 120 months on count three, to run concurrently, and 60 months on count 2, to run consecutively. In addition, the court sentenced Pierson to five years supervised release consisting of five years on count one and three years on each of counts two and three, all to run concurrently. Pierson did not appeal.

## II.

One of Pierson's claims of ineffective assistance is that counsel failed to file an appeal upon Pierson's request. Because this claim pertains to a phase post-dating execution of his waiver, it falls outside its scope, requiring the court to assess this claim on its merits.[1]

"An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v.

---

[1] See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").

At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp.2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

2

Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Pierson's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate the merits of Pierson's allegation. Accordingly, the court orders an evidentiary hearing on the issue.

### III.

With regard to all of Pierson's other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Pierson's other claims, the court will not address respondent's argument in its motion to dismiss regarding these other claims at this time.

### IV.

For the reasons stated herein, the court orders an evidentiary hearing on the issue of whether Pierson requested his attorney to file an appeal.

**ENTER**: This 17th day of January, 2007.

_____
United States District Judge

3